T.C. Memo. 1997-488


UNITED STATES TAX COURT


OCTAVIO AND FELICITAS OLVERA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23237-96.                    Filed October 29, 1997.


Octavio Olvera, pro se.

<u>Joseph T. Ferrick</u>, for respondent.


MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined deficiencies in petitioners' Federal income taxes for 1993 and 1994 in the respective amounts of $498 and $1,261.

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners concede that they failed to report $47 of taxable interest income received in 1993. Respondent concedes that petitioners are entitled to two dependency exemption deductions for their daughters for the years in issue. As a result of respondent's concession, there is no deficiency in income tax for 1993. Therefore, we need not decide whether petitioners are entitled to additional dependency exemption deductions for 1993, as the issue is moot. However, a deficiency in self-employment tax remains at issue for 1993. See sec. 1402(a)(7).

After concessions, the issues for decision are whether petitioners are entitled to two additional dependency exemption deductions under section 151 with respect to the mother and sister of Octavio Olvera (petitioner) for 1994, and whether petitioners are entitled to deductions for automobile and telephone expenses in excess of amounts allowed by respondent for either of the years in issue.[2]

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Chicago, Illinois, at the time their petition was filed.

Petitioners are from Mexico and have two daughters, Janet and Illiana. Petitioners moved to the United States to seek

---

[2]    The computation of self-employment tax will be resolved by this issue.

medical treatment for Janet, and they lived in Chicago, Illinois, for approximately 11 years prior to trial. Sometime during 1993, or prior thereto, petitioners determined that medical treatment was too costly in the United States, and Janet returned to Mexico for treatment. Janet lived with petitioner's mother, Altagracia Figueroa, and father, Jacinto Olvera Camacho. Petitioner's parents live in a rented two-bedroom home in the city of Cuernavaca, in Morelos, Mexico. In addition to Janet, petitioner's sister, Zulma Olvera, resided in the home. Petitioner's father worked periodically, doing electrical or plumbing work, but he did not work on a regular basis. By petitioner's estimates, his parents' annual expenditures for rent, utilities, and food averaged approximately $6,390 during the years in issue.

In June 1993 Felicitas Olvera (Mrs. Olvera) and Illiana returned to Mexico to care for Janet because petitioner's mother became ill. Mrs. Olvera and Illiana stayed with Mrs. Olvera's parents. Janet remained with petitioner's parents.

During the years in issue, petitioner wired money to various relatives in Mexico to help support his parents and his sister Zulma Olvera, to pay for Janet's care, and to support Mrs. Olvera, Janet, and Illiana. Petitioner wired funds at least 12 times in 1993 and at least 6 times in 1994, transferring amounts totaling $3,510 and $2,400 in 1993 and 1994, respectively. Of

these amounts, $1,800 and $1,770 in 1993 and 1994 were payable to Mrs. Olvera. Petitioner wired an additional $550 to Mrs. Olvera, but it is not clear when this transfer was made. Petitioner traveled to Mexico twice in 1993 and once in 1994. On these trips he carried cash, which he gave to his relatives.

During the years in issue, in addition to other employment, petitioner delivered pizzas on a part-time basis for Father & Son Pizza. Petitioner was required to provide his own car for use in delivering pizzas. Father & Son Pizza recommended that drivers carry cellular phones because the safety of the neighborhoods on the delivery routes was uncertain. In 1993 petitioner borrowed a cellular phone for this use. In 1994 petitioner purchased a cellular phone. Petitioner did not maintain any records with respect to his automobile or cellular phone usage or expense.

On their joint Federal income tax returns filed for 1993 and 1994, petitioners claimed dependency exemption deductions with respect to their two daughters and with respect to petitioner's mother and his sister Zulma Olvera. On Schedule C of their 1993 return, petitioners reported gross receipts of $3,808 from petitioner's pizza deliveries and claimed deductions for car expense and utilities expense in the amounts of $2,484 and $474, respectively. On Schedule C of their 1994 return, petitioners reported gross receipts of $3,091 from petitioner's pizza

deliveries and claimed deductions for car expense of $1,728 and for utilities expense of $372.

In the notice of deficiency, respondent disallowed petitioners' claimed dependency exemption deductions in 1993 and 1994 with respect to petitioner's mother and sister. With respect to the tax year 1993, respondent also disallowed a portion of petitioners' deductions for car expense in the amount of $994 and for phone expense in the amount of $293. Respondent disallowed a portion of petitioners' claimed Schedule C deductions in the amount of $576 for 1994. From the record, it appears that this entire disallowance was attributable to the claimed car expense. Respondent determined self-employment tax in each of the years as a computational result of the adjustments to petitioners' Schedule C deductions. Respondent allowed petitioners a deduction with respect to this tax for each of the years in issue.

Respondent's determinations are presumed correct, and petitioners have the burden of proving them erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and petitioners must prove entitlement to any deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must maintain adequate records to establish the amount of any deductions claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Dependency Exemption Deductions

As relevant here, section 151 allows a taxpayer to deduct an exemption amount for each dependent, as defined in section 152, whose gross income for the calendar year is less than the exemption amount. The term "dependent" is defined to include a sister or mother of the taxpayer, over half of whose support for the calendar year is received from the taxpayer.

Respondent contends that petitioners have not established that they provided over one-half of the support for either petitioner's mother or his sister in 1994. Thus, respondent argues these individuals were not petitioners' dependents under section 152 in 1994.

Although we sympathize with petitioners and acknowledge that they clearly provided some support for petitioner's mother and sister, we cannot find on the basis of the record that they provided over half of the support for either. We found petitioner to be a credible witness. Petitioner testified that, in addition to $2,400 wired to various relatives in Mexico in 1994, he took somewhere between $2,000 and $2,500 in cash with him on his trip to Mexico, and that he gave cash to cousins to take to Mexico as well. However, some of this money must have been used to support Mrs. Olvera and petitioners' daughters, as they had no other identified means of support. Petitioner testified that Mrs. Olvera's parents were unwilling to help

support them. Thus, we cannot infer from the evidence how much of the funds actually was used to support petitioner's mother and sister as opposed to Mrs. Olvera and petitioners' daughters.

Furthermore, petitioner testified that his sister, who may have worked, received money from another source. He also acknowledged that his nine siblings helped provide support at times, although he stated that his parents did not receive any governmental support or insurance. Thus, petitioners have failed to establish the total amount of support provided for petitioner's mother and sister from all sources, a prerequisite to finding that petitioners provided one-half of either individual's support. See Blanco v. Commissioner, 56 T.C. 512, 514 (1971). Respondent is sustained on this issue.

Schedule C Deductions

Petitioners contend that they are entitled to Schedule C deductions in the amounts disallowed by respondent. Section 162 allows a deduction for all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Generally, when evidence shows that the taxpayers paid a deductible expense but the exact amount cannot be determined, the Court may approximate the amount. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). An exception to the Cohan rule is section 274(d), which requires strict substantiation of certain expenses, including those paid or incurred with respect to certain listed property. Sec.

274(d). Listed property includes automobiles and cellular telephones. Sec. 280F(d)(4). Section 274(d) requires substantiation of these expenses either "by adequate records or by sufficient evidence corroborating the taxpayer's own statement".

Petitioner testified that his business mileage was based on an estimate. He also testified that his 1993 telephone expense represented amounts paid to a friend from whom he borrowed a cellular phone. Petitioners presented no records or corroborating evidence with respect to these expenses, and they have failed to substantiate any amount in excess of that allowed by respondent. Respondent is sustained on this issue.

To reflect the foregoing,

Decision will be entered
under Rule 155.